United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNAMALAI ANNAMALAI, BOP #56820-379, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0025 |
| PARVATHI SIVANADIYAN, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Annamalai Annamalai (BOP #56820-379), also known as Swamiji Sri Selvam Siddhar, is an inmate incarcerated in the United States Bureau of Prisons. Annamalai has filed a "Civil Complaint [and] Demand for Arbitration Pursuant to 9 U.S.C.S. § 4" ("Complaint") (Docket Entry No. 1), alleging that the defendant has defaulted on an unspecified contract. On January 3, 2017, Annamalai was granted leave to proceed in forma pauperis in this case. See Annamalai v. Sivanadiyan, No. H-16-mc-3042 (S.D. Tex.) (Docket Entry No. 2). The case was then assigned to the undersigned judge. After considering all of the pleadings and Annamalai's litigation history, leave to proceed in forma pauperis will be revoked, and this case will be dismissed for reasons explained below.

I. **Discussion**

Annamalai, the former leader of a defunct Hindu Temple in Georgia, was sentenced to more than 27 years' imprisonment by the United States District Court for the Northern District of Georgia, following his conviction on multiple counts of bank fraud, tax fraud, bankruptcy fraud, and obstruction of justice. See United States v. Annamalai, No. 1:13-cr-437 (N.D. Ga. July 16, 2015). Annamalai now brings this civil action for breach of contract, alleging that the defendant, who is reportedly Annamalai's wife, has defaulted on invoices totaling in excess of one billion dollars. See Complaint, Docket Entry No. 1, p. 3. Annamalai seeks arbitration of the dispute and damages of $10,000.00 per week for the remainder of Annamalai's lifetime. See id.

Because Annamalai has requested leave to proceed in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). There are consequences for prisoners whose lawsuits are dismissed under this provision. Under the "three-strikes" rule found in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in forma pauperis in federal court

if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

A national case index reflects that Annamalai has filed more than 60 lawsuits in the federal courts. Of these, at least five civil actions filed by Annamalai while incarcerated have been dismissed as frivolous: (1) Annamalai v. Rajkumar, No. 16-cv-4491 (S.D.N.Y. June 15, 2016); (2) Annamalai v. Reynolds, No. 1:16-cv-1373 (N.D. Ga. July 8, 2016); (3) Annamalai v. Paramasivam, et al., No. 1:16-cv-6079 (N.D. Ill. July 13, 2016); (4) Annamalai v. United States, No. 16-815 (Fed. Cl. July 22, 2016); and (5) Annamalai v. United States, No. 16-816 (Fed. Cl. July 19, 2016). Thus, Annamalai has more than three "strikes" against him for filing meritless actions prior to filing the Complaint in this case.

Annamalai does not allege facts showing that he is currently under imminent danger of serious physical injury for purposes of § 1915(g). Because he does not fit within the exception to the three-strikes rule, Annamalai is not eligible to proceed without prepayment of the filing fee. Accordingly, the order granting him leave to proceed in forma pauperis will be vacated and his pauper status will be revoked.

Moreover, a review of Annamalai's substantial litigation history reflects that he has filed a nearly identical complaint

against the same defendant in the United States District Court for the Southern District of Indiana. See Annamalai v Sivanadiyan, No. 1:16-cv-3415 (S.D. Ind.). A complaint is considered "malicious" if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because Annamalai has made the same or similar claims in another lawsuit filed by him previously, the court concludes that the present Complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). See, e.g., Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed sua sponte). This will count as another strike against Annamalai for purposes of § 1915(g).

As illustrated by the Complaint and other pleadings submitted in this case, Annamalai has a well-documented history of "blatantly abus[ing] the judicial process" by filing civil actions to harass the victims of his criminal enterprise and others associated with his criminal case. Hindu Temple and Community Center of the High Desert, Inc. v. Raghunathan, 714 S.E.2d 628, 629-30 (Ga. App. 2011) (describing Annamalai's abusive conduct); see also, e.g., Siddhar v. Reynolds, No. 1:16-cv-1373, 2016 WL 3746184 (N.D. Ga. June 3, 2016) (detailing Annamalai's suit against an IRS agent involved in his prosecution). In addition to his federal lawsuits, Annamalai has filed more than 40 lawsuits in the state courts of Georgia, Ohio, and Texas, where he has been declared a vexatious litigant by

the 151st Civil Court for Harris County. See <u>Siddhar v. Varadharajan</u>, No. H-13-cv-1933, 2014 WL 28165498, at * 2 (S.D. Tex. June 20, 2014) (describing Annamalai's record of abusive litigation in state and federal court). Because of Annamalai's history of filing frivolous claims connected to his criminal case, he also has been declared a vexatious litigant by the United States District Court for the Northern District of Georgia, which has imposed restrictions on his ability to file lawsuits connected to his criminal case. See <u>Hindu Temple and Community Center of High Desert, Inc. v. Kepner</u>, No. 1:12-cv-2941 (N.D. Ga. March 28, 2013) (ECF No. 111); see also <u>United States v. Annamalai</u>, No. 1:13-cr-437 (N.D. Ga. July 16, 2015) (ECF No. 355, p. 2). In light of Annamalai's record of vexatious litigation and abuse of judicial resources, the court concludes that a sanction in the amount of $100.00 is appropriate.

## II. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Order to Proceed Without Prepaying Fees or Costs as to plaintiff Annamalai Annamalai in No. H-16-mc-3042 (S.D. Tex.) (Docket Entry No. 2) is **VACATED**, and Annamalai's pauper status is **REVOKED**.

2. This action will be dismissed with prejudice. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3. Annamalai shall pay the entire $400.00 filing fee for this case. In addition, Annamalai is **SANCTIONED** in the amount of $100.00 for his abusive

    litigation practices. Prison officials having custody of plaintiff Annamalai Annamalai (BOP #56820-379) shall place a hold on his inmate trust account and shall deduct this amount when funds are available and forward them to the Clerk of Court until the sanction and filing fee are paid in full.

4.  Annamalai is **WARNED** that the filing of other vexatious and/or frivolous motions or pleadings in this case will result in the imposition of additional sanctions, including monetary penalties.

5.  Annamalai's Motion to Request to Quash the Hearing (Docket Entry No. 9) and Expedited Application for an Appointment [of] Arbitrator(s) (Docket Entry No. 10) are **DENIED as moot**.

The Clerk will provide copies of this Memorandum Opinion and Order to the plaintiff; to the Warden, FCI Terre Haute, P.O. Box 33, Terre Haute, IN 47802; and to the Manager of the Three-Strikes List for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this 15th day of February, 2017.

              _____
                 SIM LAKE
            UNITED STATES DISTRICT JUDGE